IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00634 JMS |
|---|---|---|
| | ) | CIV. NO. 11-00452 JMS-KSC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION TO AMEND JAIL TIME |
| | ) | CREDIT WITHOUT PREJUDICE |
| THERESE GREENFIELD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **ORDER DENYING DEFENDANT'S MOTION TO AMEND JAIL TIME CREDIT WITHOUT PREJUDICE**

### **I. INTRODUCTION**

On July 19, 2011, pro se petitioner Therese Greenfield ("Petitioner") filed a "Motion to Amend Jail Time Credit," claiming that she has not been given credit for time served while incarcerated at the Federal Detention Center in Honolulu from November 14, 2008 until March 12, 2009. For the reasons set forth below, the court finds that the Motion challenges the "manner, location, or conditions of the execution" of her sentence; construes the Motion as a Petition filed pursuant to 28 U.S.C § 2241; and DISMISSES this matter without prejudice. Petitioner may refile in the proper jurisdiction, the United States District Court for the Southern District of West Virginia, and with the proper respondent, the warden of the Federal Prison Camp located in Alderson, West Virginia ("FPC Alderson").

## II. BACKGROUND

Petitioner is currently incarcerated at FPC Alderson after her conviction for violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). On August 18, 2009, this court sentenced Petitioner to serve 78 months imprisonment followed by five years of supervised release. Petitioner now claims that she is entitled to credit for time served while at the Federal Detention Center in Honolulu from November 14, 2008 to March 12, 2009.

## III. ANALYSIS

**A.  The Court Construes Petitioner's Motion as Filed Pursuant to 28 U.S.C. § 2241**

Petitioner filed the present Motion in her criminal case. Given the nature of the relief sought, it more properly should have been filed as a civil case in the nature of a writ of habeas corpus. Accordingly, the court has directed the Motion to be filed with a new civil case number, Civ. No. 11-00452 JMS-KSC.[1] Further, a district court must determine at the outset whether a petition for writ of habeas corpus filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In

---

[1] Because the Motion was filed in her criminal case, appearing to be a motion to "correct the sentence" under 28 U.S.C. § 2255(a), Petitioner need not pay a filing fee. *See* Section 2255 Rule 3(b) & Advisory Committee Notes ("There is no filing fee required of a movant under [§ 2255].").

general, a federal prisoner seeking to contest the legality of a sentence must bring a habeas petition under § 2255 in the sentencing court. *Id.* at 864. On the other hand, a federal prisoner seeking to challenge the manner, location, or conditions of an execution of a sentence must file a habeas petition pursuant to § 2241 in the district in which he or she is incarcerated. *Id.*

Petitioner is not contesting the legality of the sentence imposed by this court; instead, by claiming that she is entitled to credit for time served in the Federal Detention Center in Honolulu, she challenges the calculation of her sentence, that is, the manner and conditions of the execution of her sentence at FPC Alderson. Thus, the court construes the Petition as properly brought pursuant to § 2241. *See Rogers v. United States*, 180 F.3d 349, 358 & n.16 (1st Cir. 1999); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).

**B.    The Court Lacks Jurisdiction to Hear Petitioner's § 2241 Petition**

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has clarified this limiting language by holding that in habeas cases involving "present physical confinement, jurisdiction lies in only one district; the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, "[w]henever a § 2241 habeas petitioner

seeks to challenge his [or her] present physical [confinement] within the United States, he [or she] should . . . file the petition in the district of confinement." *Id.* at 447. *See also United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

While this court sentenced Petitioner and would have jurisdiction to hear a § 2255 petition, it lacks jurisdiction to consider her § 2241 Petition because she is not incarcerated within the District of Hawaii. Petitioner is currently incarcerated at FPC Alderson, which is located within the Southern District of West Virginia. The court therefore lacks jurisdiction to hear Petitioner's § 2241 Petition. As a result, the § 2241 Petition is DISMISSED without prejudice to refiling in the Southern District of West Virginia.

## C. The Proper Respondent to Petitioner's Petition is the Warden of FPC Alderson

Petitioner is notified that under 28 U.S.C. § 2242,[2] the proper respondent in a § 2241 petition is the custodian of the institution where the federal

---

[2] Section 2242 provides in pertinent part:

"Application for writ of habeas corpus shall be in writing signed and verified by the person whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."

4

prisoner is incarcerated. The Supreme Court recently reaffirmed this "immediate-custodian" rule: "whenever a § 2241 habeas petitioner seeks to challenge his [or her] present physical custody within the United States, he [or she] should name his warden as respondent[.]" *Padilla*, 542 U.S. at 447. Thus, should Petitioner file a § 2241 petition in the Southern District of West Virginia, the proper respondent is the warden of FPC Alderson.

## IV. CONCLUSION

For the foregoing reasons, this court DISMISSES this matter without prejudice. Petitioner may refile in the proper jurisdiction, the United States District Court for the Southern District of West Virginia, and with the proper respondent, the warden of FPC Alderson. The Clerk of Court is directed to close the case file in this District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Greenfield*, Cr. No. 08-00634 JMS, Civ. No. 11-00452 JMS-KSC, Order Denying Defendant's Motion to Amend Jail Time Credit Without Prejudice